JAY CLAYTON
United States Attorney for the
Southern District of New York
By:     EMILY DEININGER
        Assistant United States Attorney
        26 Federal Plaza
        New York, New York 10278
        (212) 637-2472

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                :
UNITED STATES OF AMERICA,                       :
                                                :       VERIFIED CIVIL COMPLAINT
            Plaintiff,                          :       FOR FORFEITURE
                                                :
    -v.-                                        :       25 Civ. 5298
                                                :
$190,000 IN UNITED STATES CURRENCY              :
SEIZED BY THE GOVERNMENT ON OR                  :
ABOUT SEPTEMBER 22, 2023;                       :
                                                :
        Defendant-*in-rem*.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff United States of America, by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, for its verified civil complaint, alleges, upon information and belief, as follows:

## JURISDICTION AND VENUE

1.      This action is brought pursuant to Title 18, United States Code, Section 981(a)(1)(A), by the United States of America seeking the forfeiture of $190,000 in United States currency seized by the Government on September 14, 2023 (the "Defendant-*in-rem*").

2.      This Court has original jurisdiction over this forfeiture action pursuant to Title 28, United States Code, Sections 1345 and 1355. Venue is proper pursuant to Title 28, United

States Code, Section 1355(b)(1)(A), which provides that a forfeiture action may be brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, and pursuant to Sections 1395(b) and (c) of the same title, which provides that a civil forfeiture proceeding for the forfeiture of property may be brought "in any district where such property is found" or "any district into which the property is brought."

3. The Defendant-*in-rem* is currently held in the Seized Asset Deposit Fund account of the United States Marshals Service (the "USMS") which is located in the Southern District of New York.

4. As set forth below, the Defendant-*in-rem* is subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A) as property involved in violations of Title 18, United States Code, Sections 1956 (money laundering), or property traceable thereto.

## FACTUAL ALLEGATIONS

5. In or around 2023, the New Jersey Division ("NJD") of the Drug Enforcement Administration (the "DEA") began investigating a group of narcotics traffickers and money launderers who operate in New York City, Mexico and elsewhere (the "Investigation").

6. During the course of the Investigation, the DEA identified an individual who had laundered narcotics proceeds in New York City on behalf of money-laundering brokers located in Mexico ("Individual-1"). In or about September 18, DEA agents approached Individual-1, and Individual-1 subsequently agreed to cooperate with law enforcement.[1]

7. On or about September 18, 2023, a individual known to Individual-1 as a money laundering broker who laundered narcotics proceeds (the "Broker"), contacted Individual-

---

[1] Individual-1 pled guilty in the Southern District of New York to a charge related to Individual-1's involvement in money laundering. Individual-1 is cooperating with law enforcement in an attempt to earn a motion from the Government for a lenient sentence.

1 regarding accepting a money pick-up of approximately $200,000 that Individual-1 believed to be narcotics proceeds from an individual whom Individual-1 knew to be a money laundering courier (the "Courier"). Individual-1 agreed to perform the money pick-up and gave the telephone number of an undercover DEA Special Agent ("UC") to the Broker to coordinate the pick-up.

8. The investigation subsequently determined that the Courier had acted as a money laundering courier in a previous bulk cash money pick-up on August 7, 2023 (the "August Delivery") that had been surveilled by the Investigation.

9. On or about September 20, 2023, the Courier contacted the UC[2] and arranged for the delivery of approximately $200,000 in United States currency (the "Delivery") to occur at 506 Fort Washington Avenue, New York, NY (the "Delivery Location") at 12:00 p.m. from the Courier on September 22, 2023 (the "Delivery Date").

10. Prior to the Delivery Date, the Investigation was able to determine the location of the Courier's residence and established surveillance in the vicinity of Sherman Avenue in Bronx, New York (the "Courier's Location").

11. On September 22, 2023, DEA agents surveilled the Courier Location and observed an unidentified Hispanic male, later identified as Sonny Israel Peguero ("Peguero"), standing outside an apartment building on Sherman Avenue.

12. DEA agents maintained surveillance on Peguero and observed him walking into a parking garage on East 165th Street in Bronx, New York. Shortly thereafter, the agents observed Peguero driving out of the parking garage in a dark grey Honda HRV with New York registration KPX6768, the same vehicle that was used in the August Delivery.

13. Peguero parked the car in front of the apartment building located on

---

[2] The Courier used the same telephone number as the courier involved in the August Delivery.

Sherman Avenue. Agents observed Peguero exit the front door of the apartment building with a gray suitcase. At this time, the DEA agents approached Peguero on foot and identified themselves as law enforcement officers in front of 1056 Sherman Avenue.

14. Peguero provided DEA agents with consent to search the suitcase and stated that there was $190,000 in United States currency in the suitcase.

15. The Defendant-*in-rem* consisted of the following currency denominations: 1,374 five dollar bills, 2,103 ten dollar bills, 7,725 twenty dollar bills, 54 fifty dollar bills, and 49 one hundred dollar bills.

16. DEA agents placed Peguero under arrest for money laundering and transported him back to the New Jersey Field Division for further processing.

17. Following his arrest, Peguero stated he only does money drops and pickups and is not involved with the sale and production of narcotics. He denied ownership of the money.

18. In 2008, Peguero was charged of conspiracy to distribute heroin, in violation of 21 U.S.C. § 846. He was convicted in October 2009 and sentenced to 144 months' incarceration and five years' supervised release.

## CLAIM FOR FORFEITURE

**Forfeiture Under 18 U.S.C. § 981**
**(Property Involved in a Transaction or Attempted Transaction in Violation of 18 U.S.C. § 1956 or Property Traceable to Such Property)**

19. Paragraphs 1 through 18 of this Complaint are repeated and re-alleged as if fully set forth herein.

20. Title 18, United States Code, Section 981(a)(1)(A) subjects to forfeiture "(a)ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of [Title 18], or any property traceable to such property."

21. Title 18, United States Code, Section 1956(a), commonly known as the "money laundering" statute, imposes a criminal penalty upon

> "(a)(1) [w]hoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity -- (A)(i) with the intent to promote the carrying on of specified unlawful activity; or (ii) with intent to engage in conduct constituting a violation of section 7201 or 7206 of the Internal Revenue Code of 1986; or (B) knowing that the transaction is designed in whole or in part -- (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or (ii) to avoid a transaction reporting requirement under State or Federal law."

20. "Specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7), and the term includes any offense listed under 18 U.S.C. § 1961(1). Section 1961(1)(D) lists as an offense, "the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States."

21. By reason of the above, the Defendant-*in-rem* is subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 or constitutes property traceable to such property.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant-*in-rem,* and that all persons having an interest in the Defendant-*in-rem* be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant-*in-rem* to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
June 25, 2025

          JAY CLAYTON
          United States Attorney for the
          Southern District of New York
          Attorney for the Plaintiff
          United States of America

By: _____
          EMILY DEININGER
          Assistant United States Attorney
          26 Federal Plaza, 38th Floor
          New York, New York 10278
          Telephone: (212) 637-2472

## VERIFICATION

STATE OF NEW YORK          )
COUNTY OF NEW YORK         :
SOUTHERN DISTRICT OF NEW YORK  )

ALEXANDER W. MATT, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury that he is a Special Agent with the United States Drug Enforcement Administration; that he has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to the best of his knowledge, information and belief; and that the sources of his information and the grounds of his belief are his personal involvement in the investigation, and conversations with and documents prepared by law enforcement officers and others.

ALEXANDER W. MATT
Special Agent
Drug Enforcement Administration

Executed on this
25th day of June, 2025